IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALVIN J. DAVIS,                :

    Plaintiff,             :

vs.                            :       CA 06-0213-C

JO ANNE B. BARNHART,           :
Commissioner of Social Security,
                               :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Docs. 10 & 11 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's

proposed report and recommendation, and the Commissioner's proposed report and recommendation, the Court determines that the Commissioner's decision denying benefits should be affirmed.[1]

The Administrative Law Judge (ALJ) made the following findings:

3.  The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(b) and 416.920(b); however, these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4.  The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

5.  The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR §§ 404.1527 and 416.927).

6.  The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965).

7.  At the time of the claimant's alleged onset date he was a "younger individual, age 44-49" (20 CFR §§ 404.1527 and 416.927).

8.  The claimant has a high school education (20 CFR §§ 404.1564 and 416.964).

---

[1]  Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 10 & 11 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

>    9. Claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §§ 404.1568 and 416.968).
>
>    10. Claimant has the residual functional capacity to perform the full range of sedentary work (20 CFR §§ 404.1567 and 416.967).
>
>    11. Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.21.
>
>    12. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(f) and 416.920(f)).

(Tr. 29)  The Appeals Council affirmed the ALJ's decision (Tr. 5-7) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986).  In evaluating whether the claimant has met this burden, the examiner must consider the following four factors:  (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history.  *Id*. at 1005.  Once the claimant meets this burden, as here, it becomes the Commissioner's

burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform the full range of sedentary work activity and is not disabled under the grids, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff solely contends that the ALJ committed reversible error by failing to specify his severe impairments. As recited by plaintiff in his proposed report and recommendation, the ALJ noted that he was alleging disability on the basis of seizures, carpal tunnel syndrome, an aortic aneurysm, and back problems. (*See* Doc. 9, at 5, quoting Tr. 26 ) The

plaintiff contends, however, that while the ALJ specifically determined plaintiff's carpal tunnel syndrome was a non-severe impairment, he failed to identify which impairments he found to be severe thereby rendering his decision reversible pursuant to *Kyles v. Barnhart*, CA 01-0898-P-M. (Doc. 9, at 6) Plaintiff is certainly correct that this Court held in *Kyles* that where there is uncertainty about which of plaintiff's alleged impairments are severe, "the Court cannot examine whether the ALJ has properly rejected certain impairments as not severe[]" and, therefore, "the Court cannot say that the ALJ's opinion is supported by substantial evidence." *Kyles v. Barnhart*, CA 01-0898-P-C, Doc. 17, at 4. The Court finds *Kyles* factually inapposite to the instant case inasmuch as in that case the ALJ never "set out and/or discussed which of the four alleged impairments [i.e., degenerative disc disease, sleep apnea, chronic pain, and bilateral arthritis in her knees] he found to be severe[,]"*id*. at 3 & 4; in this case, however, the ALJ specifically discussed the four impairments which plaintiff alleged were disabling, explicitly determined that his carpal tunnel syndrome was not a severe impairment, and implicitly determined that his other three impairments were severe. (Tr. 26)

> The claimant, in documentation of record, has alleged seizures, carpal tunnel syndrome, an aortic aneurysm and back problems as a basis of disability. The undersigned concludes that, while the record contains evidence of the existence of impairments,

the objectively demonstrable evidence of record fails to support that the claimant is as impaired as he has alleged. The undersigned concludes that no credible treating or consultative physician has opined that the claimant was disabled because of any physical condition or from any resulting symptoms. The Administrative Law Judge recognizes that the claimant has alleged carpal tunnel syndrome as a disabling impairment. The Administrative Law Judge notes that there is no definitive testing or diagnosis of that impairment; therefore, he finds that this is not a severe impairment. With regard to the claimant's aortic aneurysm, the records show that the claimant did have surgery for the aneurysm, but the records clearly show that his condition improved after surgery. The Administrative Law Judge specifically notes that in follow up treatment records, the doctors reported that the claimant's condition was stable and no further treatment was necessary. With regard to the claimant's alleged back problem, the Administrative Law Judge notes that the claimant did undergo surgery for a cyst in the lumbar area; but again, the records show that his condition has been stable since his surgery. With regard to the claimant's alleged seizures, the Administrative Law Judge notes that Dr. Elmore, the claimant's treating neurologist only noted possible seizure disorder. The Administrative Law Judge specifically notes that Dr. Elmore stated the claimant's allegations "sounded like seizures" but it was difficult to make this a positive diagnosis. The Administrative Law Judge further notes that the claimant last saw Dr. Elmore on July 31, 2003 (Exhibit 17-F).

The undersigned further acknowledges that the claimant has described daily activities consisting of preparing breakfast, caring for his personal needs, attending church, shopping and visiting with friends and family. The undersigned concludes that the claimant's ability to engage in a wide array of activities of daily living is persuasive evidence that the claimant's alleged symptoms resulting from physical impairments are not totally disabling.

The undersigned further notes that the claimant's clinical

6

> examination findings have often been found to be normal or minimally abnormal, and the objective diagnostic evidence of record has been sparse. Specifically, follow up tests on the claimant's heart have all been normal. An x-ray of the lumbar spine was within normal limits and all EEG's have been normal.
>
> It is noteworthy that documentation of record does not contain any hospitalizations for the claimant for physical conditions since his alleged onset of disability. Nothing in the record suggests that the claimant's physical impairments have been incapable of being alleviated or controlled with the proper and regular use of prescription medications. In fact, the record discloses that such medications have proven successful in assisting the claimant in maintaining control of his conditions and mitigating any accompanying symptomatology.
>
> .   .   .
>
> All of the above factors lead the undersigned to a conclusion that the claimant's alleged physical symptoms and conditions are not of a disabling degree. After considering the entirety of the record, the undersigned concludes that the claimant would not be precluded from performing, on a regular and sustained basis, the physical requirements of sedentary work.

(Tr. 26 & 27) This discussion of plaintiff's impairments by the ALJ can be read in no other way but to establish that the ALJ recognized that though Davis' seizures, back problems and history of aortic aneurysm are severe impairments they do not prevent him from performing sedentary work activity. Simply put, this Court is not in the same position as it was in *Kyles* of being uncertain about what impairments are severe and what impairments are non-severe inasmuch as the ALJ, in this case, explicitly determined plaintiff's

carpal tunnel syndrome is non-severe and, by implication, found his seizures, back problems and history of aortic aneurysm to be severe impairments. The Court concludes that these findings are supported by substantial evidence in the record. (*Compare* Tr. 174-305, 315-317 & 331-364 *with* 20 C.F.R. §§ 404.1521(a) & 416.921(a) (2006) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."))

Plaintiff raises no other assignments of error and because the use of the grids is appropriate to carry the defendant's burden of establishing that Davis has the ability to adjust to other work in the national economy, *see, e.g., Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004) ("There are two avenues by which the ALJ may determine whether the claimant has the ability to adjust to other work in the national economy. The first is by applying the Medical Vocational Guidelines."); *Jones v. Apfel*, 190 F.3d 1224, 1228-1229 (11th Cir. 1999) ("In a disability determination, once a claimant proves that she can no longer perform her past relevant work, the burden shifts to the Commissioner 'to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. . . . Often, the Commissioner meets this burden by relying on the grids."), *cert. denied*,

529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000), the ALJ's fifth-step denial of benefits is due to be affirmed.

## CONCLUSION

The Court **ORDERS** that the Commissioner's decision denying plaintiff benefits be affirmed.

**DONE** this the 26th day of October, 2006.

       s/WILLIAM E. CASSADY
       **UNITED STATES MAGISTRATE JUDGE**